UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD KENNETH LEIST,

        Plaintiff,

                                                                     Case Number 06-50030

v.                                                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER DISMISSING COMPLAINT

Before the Court is a document entitled "Request" filed by the plaintiff in this action. The plaintiff's "Request" was assigned a docket number by the clerk and appears to be an application of some sort "to open miscellaneous account." Attached to the complaint is a financing statement on a form suggesting that it is generated pursuant to the Uniform Commercial Code. The cover sheet does not specify the nature of the suit.

The Court is required to undertake a *sua sponte* review of the plaintiff's complaint to determine whether the complaint states a claim on which relief may be granted. *See Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c)(1)). When conducting this review, a *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Such complaints, however, must plead facts sufficient to show a cognizable legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b).

A federal court must dismiss a civil rights action against a governmental entity, officer, or employee if the *pro se* plaintiff's complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are "indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989)).  "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Id*. at 867.

The Court has screened this case and it appears that the "request" fails to state any claim whatsoever, and thus it does not state a claim upon which relief can be granted.  It is not clear from the filing what it is the plaintiff seeks in this Court or that the Court has the authority to grant whatever "request" the plaintiff appears to be making.

Accordingly, it is **ORDERED** that the matter be **DISMISSED**.


Dated: February 6, 2006                     s/David M. Lawson              
                                            DAVID M. LAWSON
                                            United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2006.

                            s/Tracy A. Jacobs              
                            TRACY A. JACOBS